DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-145-RJC
(3:04-cr-194-RJC)
(3:08-cv-216-RJC)

| | |
|---|---|
| VAN ANTHONY ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition; therefore; it will be dismissed.

## I.     BACKGROUND

On January 30, 2006, this Court sentenced Petitioner to 360 months' imprisonment possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Case No. 3:04-cr-194, Doc. No. 35: Judgment). On January 30, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Rose, 215 F. App'x  247 (4th Cir. 2007).  On May 9, 2008, Petitioner filed a § 2255 motion to vacate, which this Court denied on September 27, 2010. (Case No. 3:08cv216, Doc. No. 1: Motion; Doc. No. 21 Order).  On January 20, 2011, the Fourth Circuit dismissed Petitioner's appeal of the denial of the motion to vacate. United States v. Rose, 408 F. App'x 729 (4th Cir. 2011).   On May 25, 2011 and December 16, 2011, the Fourth Circuit denied Petitioner's motions to file a second or successive § 2255 motion. (Case No. 3:04-cr-194, Doc. Nos. 69, 70: Orders).

On February 25, 2013, Petitioner filed the instant § 2255 motion to vacate.[1] He raises the following grounds in the motion: (1) the Government failed to disclose exculpatory discovery tat trial; (2) the Indictment was defective because Petitioner was arrested for possession of a firearm by a felon, but was charged and convicted of possession of ammunition by a felon; and (3) the arresting officer engaged in "vindictive and selective prosecution" of Petitioner.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by [Section 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** as successive.

---

[1] Petitioner originally filed the motion in the Central District of California as a motion under 28 U.S.C. § 2241. (Doc. No. 1). Finding Petitioner's claims challenged the legality of his conviction, that court treated the motion as filed under § 2255 and transferred it here to the sentencing court. (Doc. No. 4).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22,

*/s/ Robert J. Conrad*

Robert J. Conrad, Jr.
Chief United States District Judge